## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | |
|---|---|
| BRENT RALPH, | § |
| | § |
|     Plaintiff, | § |
| | § |
| v. | §   CIVIL ACTION NO. G-05-655 |
| | § |
| EXXON MOBIL CORPORATION; | § |
| EXXON MOBIL OIL CORPORATION; | § |
| TIDEWATER MARINE, LLC; | § |
| TIDEWATER MARINE WESTERN, INC.; | § |
| and the M/V SEATIDE, | § |
| | § |
|     Defendants. | § |

## ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA

This Jones Act case arises out of injuries sustained by Plaintiff Brent Ralph ("Plaintiff") while working as a deckhand aboard the M/V SEATIDE ("SEATIDE"). Now before the Court comes Defendants Exxon Mobil Corporation and Exxon Mobil Oil Corporation's (collectively "Exxon") Motion to Transfer Venue to the Central District of California Pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, Defendant's Motion to Transfer Venue Pursuant to 1404(a) is **DENIED**.[1]

### I. Background

_____

[1]This Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

Plaintiff allegedly suffered injuries on September 17, 2005, while working as a deckhand for Tidewater Marine Western, Inc. aboard the SEATIDE.  At the time of the alleged incident, the SEATIDE was working alongside the HARMONY, a fixed platform owned and operated by Exxon located about six miles off the coast of California.  Plaintiff alleges that Exxon's crane operator was offloading pallets of polymer gel onto the SEATIDE when the pallets were brushed against the propane rack, causing it to spill over the deck of the SEATIDE.  Plaintiff claims that he slipped on the deck due to the polymer substance, sustaining injuries to his back, neck and shoulder.

Plaintiff subsequently filed suit in this Court, alleging negligence under the Jones Act, unseaworthiness, and maintenance and cure.  Exxon now moves this Court to transfer this case to the Central District of California pursuant to 28 U.S.C. § 1404(a).

## II.  Legal Standard

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The movant bears the burden of demonstrating to the Court that it should transfer the case.  *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed.").  In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of

forum, which is generally entitled to great deference. *See, e.g.*, *Blansett v. Continental Airlines*, 203 F. Supp. 2d 736, 738 (S.D. Tex. 2003); *Chretien v. Home Depot U.S.A., Inc.*, 169 F. Supp. 2d 670, 672–73 (S.D. Tex. 2001); *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395–96 (S.D. Tex. 1992).  The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard.  *See Peteet*, 868 F.2d at 1436.

### III.  Analysis

*A. Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis.  *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3851, at 415 (1986)).  To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their testimony.  *See id.* (citing *Dupre*, 810 F. Supp. at 825).  "The convenience of one key witness may outweigh the convenience of numerous less important witnesses."  *Id.*

Exxon claims that all of the key witnesses in this case reside outside the State of Texas, and that they are not under the control of Exxon.  In support of this argument, Exxon points to the fact that Plaintiff has identified the crew members of the SEATIDE and the crane operator as witnesses to the potential accident.  All of these individuals are allegedly residents of California and outside of Exxon's employ.  While that may be true, Exxon has failed to show that either the crew members of the SEATIDE or the crane operator are not still under the employ of the other Defendants and

Third-Party Defendants in this case, and therefore, can be compelled to attend trial by at least one of the Parties. *See Lajaunie v. L & M Bo-Truc Rental, Inc.*, 261 F. Supp. 2d 751, 754 (S.D. Tex. 2003) (finding that defendants can compel the attendance at trial of their own employees so the availability and convenience of such potential witnesses is given less weight). *See also Boutte v. Cenac Towing, Inc.*, 346 F. Supp. 2d 922, 933 (S.D. Tex. 2004); *McCaskey v. Continental Airlines, Inc.*, 133 F. Supp. 2d 514, 527 (S.D. Tex. 2001). Thus, the convenience of those witnesses is given relatively lesser weight.

Next, Exxon points out that Plaintiff's initial treating physicians, as well as some of his current treating physicians, reside in California. Although physicians routinely appear at trial through deposition, which can be presented conveniently anywhere, their availability and convenience weighs legitimately in the Court's analysis. Exxon has failed to show that it would not be able to preserve the testimony of these particular witnesses by deposition, but nevertheless, their convenience must be considered.

Plaintiff responds that he intends to call his current treating physicians, Dr. Zoran Cupic and a Dr. Clayton, and an economist, Dr. Ken McCoin, all of whom reside within the Southern District of Texas. Plaintiff can compel his economist to attend trial. Plaintiff has not shown why it would not also be able to compel his current treating physicians to attend trial. Thus, their availability and convenience are given relatively lesser weight. Plaintiff also argues that Exxon's corporate representatives are likely to reside in this District. That fact remains disputed. Exxon has stated that its corporate representatives are likely to come from its California office that was in charge of the

HARMONY platform.  Given this dispute, the Court will not consider the location of Exxon's representatives in its analysis.[2]

Overall, the availability and convenience of witnesses weighs slightly in favor of transfer, due to the availability and convenience of Plaintiff's initial treating physicians.

### B.  Cost of Obtaining the Attendance of Witnesses and Other Trial Expenses

Parties to litigation face unavoidable costs in almost every case that goes to trial.  *See Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1108 (S.D. Tex. 1997).  Furthermore, it is "rare that the forum in which the case is litigated is the most convenient or least costly for all the parties involved." *Id.*   In this case, Defendant has shown that most of the witnesses reside in California, far closer to the Central District of California than to Galveston, Texas, and that most of the relevant documents are in California.

Plaintiff provides nothing to counter this Court's common sense conclusion that additional expenses will be incurred if this case is tried in Galveston.  It is reasonable to infer that litigating this dispute in California, as opposed to Galveston, Texas, will diminish trial costs.  *See McGinnis v. Eli Lilly and Co.*, 181 F. Supp. 2d 684, 690 (S.D. Tex. 2002); *Smirch v. Allied Shipyard, Inc.*, 164 F. Supp. 2d 903, 913 (S.D. Tex. 2001).  This factor supports transfer.

### C.  Location of Books and Records

The location of books and records is generally of little importance in a personal injury case. Defendant argues that most of the relevant documents in this case are located in California, including records pertaining to the operations of the HARMONY and Exxon's oil and gas operations off the

---

[2]Additionally, the presence at trial of Exxon's corporate representatives can be compelled, so their convenience and availability is given lesser weight.

coast of California.  However, Defendant has not given the Court any indication that the records in question are so voluminous that they will incur substantial cost in transporting them to this Court. *See LeBouef*, 20 F. Supp. 2d at 1060.  Therefore, this factor does not weigh for or against transfer.

### D.  Plaintiff's Choice of Forum

Plaintiff's choice of forum is generally entitled to great deference, but the choice of forum is entitled to less deference when the plaintiff does not live in the forum.  *See, e.g.*, *Robertson*, 979 F. Supp. at 1109 (finding that a Mississippi plaintiff's choice of the Southern District of Texas was entitled to little or no deference where the case had no connection to the forum).  Plaintiff is a resident of Redondo Beach, California.  This lawsuit has essentially no connection to this District, beyond the presence of Plaintiff's expert witnesses and the fact that Exxon conducts substantial business in Texas.  Even those connections are minimal.  Plaintiff came into contact with his current treating physicians and his experts after he incurred his injuries, and there has been no indication that Exxon's business operations in Texas played any role in this lawsuit.  Under the circumstances present in this case, Plaintiff's choice of forum is entitled to little if any deference.  *See id.*  This factor supports transfer.

### E. Place of the Alleged Wrong

The place of the alleged wrong is one of the more important factors in venue determinations. *See Lemery v. Ford Motor Co.*, 244 F. Supp. 2d 720, 733 (S.D. Tex. 2002); *Robertson*, 979 F. Supp. at 1106.  The alleged accident in this case took place approximately six miles off the coast of California, in the Santa Barbara Channel.  The SEATIDE was working alongside the HARMONY at the time of the alleged accident, and all operative facts occurred off the coast of California.  It is

likely that the residents of this Division have little if any interest in the outcome of this case.  This factor supports transfer.

### F.  Potential for Delay and Prejudice

Any transfer will produce some delay, and as such, Plaintiff must show that a transfer at this stage of the proceedings would cause a significant or unusual delay.  *See In Re: Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2002) ("[I]n rare and special circumstances a factor of 'delay' or 'prejudice' might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence.").

Defendant argues that there is little chance of delay or prejudice because this is a routine Jones Act case, and the transferee court is likely to be familiar with the issues involved.  The Court respectfully disagrees.  Plaintiff filed his lawsuit on November 30, 2005, and the Rule 16 Conference was held on February 1, 2006.  Exxon did not seek transfer until June 13, 2006, over *six months* after this case was filed.  Trial in this case is set for October 23, 2006, a little less than three months away. A transfer at this late stage in the proceedings would work a significant hardship on Plaintiff, who would be forced to move to the end of the line in any transferee court.  *See Blansett*, 203 F. Supp. 2d at 743; *Chretien*, 169 F. Supp. 2d at 676.  This factor supports retention, and outweighs all of the other factors supporting transfer.[3]

-----

[3]Admittedly the facts of this case favor transfer, but the Court cannot ignore the significant delay and prejudice that Plaintiff would be forced to endure by transfer at this late stage.  Exxon has had more than adequate time to file its Motion, but instead of moving to transfer at the outset of the case, for reasons unknown to this Court, it waited almost six months. Without more—such as an explanation for the delay or true showing that Plaintiff will not be prejudiced—the Court is left with little choice but to deny the motion.   This is not a criticism of Exxon or its excellent Counsel, but merely the result of the considerations that the Court must take into account when making a determination whether to transfer a case.

**IV.  Conclusion**

After careful examination fo the relevant venue factors coupled with the specific facts of this lawsuit, the Court concludes that because trial is less than three months away, transfer at this late stage would significantly prejudice Plaintiff, and outweighs all the other factors that support transfer. Therefore, for that reason and those outlined above, Exxon's Motion to Transfer Venue is respectfully **DENIED**.  Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 8th day of August, 2006, at Galveston, Texas.


Samuel B. Kent
United States District Judge